IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

July 13, 1999

Cecil Crowson, Jr.
**Appellate Court
Clerk**

GEORGE DERRYBERRY ) HAMILTON COUNTY
                          ) 03A01-9801-CV-00023
    Plaintiff-Appellee   )
                          )
                          )
    v.                    ) HON. DOUGLAS A. MEYER,
                          ) JUDGE
                          )
SARAH ELIZABETH DERRYBERRY )
                          )
    Defendant-Appellant   ) AFFIRMED AND REMANDED

VIRGINIA A. SCHWAMM OF KNOXVILLE FOR APPELLANT

WILLIAM H. HORTON OF CHATTANOOGA FOR APPELLEE

O P I N I O N

Goddard, P.J.

Sarah Elizabeth Derryberry appeals a divorce judgement
entered in the Circuit Court for Hamilton County and raises
various issues for our consideration.  Mr. Derryberry also raises
issues in his reply brief.

*Ms. Derryberry's Issues*

1.   Whether the Trial Court erred in failing to award Ms. Derryberry any portion of the increased value of the marital residence.

2.   Whether the Trial Court erred in failing to award Ms. Derryberry an equal share of Mr. Derryberry's retirement funds.

3.   Whether the Trial Court erred in considering the value of real property owned by Ms. Derryberry when there was no proof in the record regarding the property and Mr. Derryberry claimed no interest in the property.

*Mr. Derryberry's Issues*

1.   Whether the Trial Court erred in awarding Mrs. Derryberry an additional interest in Mr. Derryberry's IRA in response to her Motion to Alter or Amend.

2.   Whether the Trial Court erred in awarding Mrs. Derryberry rehabilitative alimony in the amount of $2,000 per month for three years.

3.   Whether the Trial Court erred in awarding Mrs. Derryberry $4,000 in attorney's fees.

FACTS

The parties were married on August 17, 1990.  This was the fourth marriage for Mr. Derryberry and the third for Ms.

2

Derryberry. Both parties had children from prior marriages, none of whom were minors at the time of the divorce.

Ms. Derryberry, who has a bachelor's degree from Middle Tennessee State University, was gainfully employed for a majority of the seven years of the marriage. Soon after the parties were married, Ms. Derryberry, who has a realtor's license, worked in real estate. Ms. Derryberry then obtained employment as a paralegal initially at Provident, and then at Healthsource. During the seven years of the marriage, Ms. Derryberry earned approximately $30,000 a year.

Mr. Derryberry is a lawyer licensed to practice in the State of Tennessee. Less than a month prior to this marriage, Mr. Derryberry left his position as a senior partner with the law firm of Miller and Martin in order to open his own practice. During the span of the marriage, Mr. Derryberry earned between $155,000 and $273,000 per year from the practice of law.

Mr. Derryberry commenced this action by filing a Complaint for Divorce *pro se* in the Circuit Court for Hamilton County on March 14, 1997. Mr. Derryberry alleged as grounds for divorce irreconcilable differences and inappropriate marital conduct and sought an equitable division of the marital estate. On May 28, 1997, Ms. Derryberry filed her Answer to Mr. Derryberry's Complaint for Divorce and filed a Counter-Complaint seeking a divorce and alleging as grounds inappropriate marital

3

conduct and adultery.  Ms. Derryberry sought an equitable division of the marital estate, alimony and an award of all legal fees in her Counter-Complaint.

This matter was heard before the Trial Court on July 31, 1997.  On that date, the parties stipulated that grounds for divorce existed in favor of Ms. Derryberry, and the stipulation of grounds in favor of Ms. Derryberry could be considered by the court when considering alimony.  Furthermore, the parties stipulated that the wife was entitled to rehabilitative alimony.  Both parties also agreed to the items of property and debts to be divided between the parties but could not reach agreement as to the value of such property.

The parties contested the values of the items of real and personal property, the proper division of this property, the amount and duration of rehabilitative alimony, and the contribution by Ms. Derryberry of her separate property to the marital estate.  At the conclusion of testimony, the Trial court entered judgment for divorce in favor of Ms. Derryberry.

The Trial Court awarded Mr. Derryberry the marital residence, owned by Mr. Derryberry before the marriage, as well as any appreciation in value.  Mr. Derryberry was also awarded a cabin cruiser, a Dodge truck, his entire law practice including all receivables, work in progress, and assets, a horse, trailer, tack and saddles.  Mr. Derryberry received the entirety of the

4

$398,364.90 in his retirement accounts at Hillard-Lyons, less $41,500 awarded to Ms. Derryberry.

Ms. Derryberry was awarded her separate property in Rutherford County, as well as any appreciation in value. Ms. Derryberry also retained a Saab automobile, her retirement and other bank accounts, and various personal items. Ms. Derryberry, as previously stated, was awarded $41,500 from Mr. Derryberry's retirement accounts pursuant to a Qualified Domestic Relations Order. Each party retained ownership of his or her own life insurance policies. Each party's daughter from a prior marriage received the automobile she drove.

Mr. Derryberry was ordered to pay all debts associated with the assets he was awarded, the four credit cards used by the parties, the amount still owed on the automobile driven by Ms. Derryberry's daughter, and any income tax owed for 1996 and 1997. Ms. Derryberry was ordered to pay all debts associated with any property she received, as well as bills from Saks, Proffitt's and Cellular One.

Furthermore, the Trial Court ordered Mr. Derryberry to pay Ms. Derryberry rehabilitative alimony in the amount of $2,000 per month for three years. In order to secure the payment of alimony, Mr. Derryberry was ordered to name Ms. Derryberry beneficiary of $75,000 of his life insurance policy. Mr. Derryberry was also ordered to pay Ms. Derryberry's attorney fees

while court costs were taxed equally to the parties.  A Final
Decree was entered by the Trial Court on August 27, 1997.

On September 24, 1997, Ms. Derryberry filed a Motion to
Recover Discretionary Costs, and a Motion to Alter or Amend Final
Divorce Decree.  In her Motion to Alter or Amend, Ms. Derryberry
sought additional rehabilitative alimony due to her loss of
employment arising from staff reduction at Healthsource.  Ms.
Derryberry also asked the Trial Court to award her a more sizable
portion of Mr. Derryberry's retirement accounts based upon the
inequitable distribution of the marital estate.

A final hearing was held on December 3, 1997, before
the Trial Court.  On that date, Ms. Derryberry, who previously
had been found in contempt for failure to return property to Mr.
Derryberry, was punished by awarding Mr. Derryberry $1,000 in
attorney's fees.  Furthermore, the Trial Court found that Ms.
Derryberry had not paid the Proffitt's bill, now long overdue.
The Trial Court granted Mr. Derryberry the right to pay the bill
directly to Proffitt's.  Ms. Derryberry's motion to alter or
amend was granted, and her share of Mr. Derryberry's retirement
account was increased by $10,000.  Mr. Derryberry received a
credit for the attorney's fees, as well as for the payment to
Proffitt's, reducing Ms. Derryberry's increase to $8,180.50.  All
other provisions of the Final Decree remained as they were when
entered on August 27, 1997.  An order setting out these changes

was entered by the Trial Court on December 12, 1997.  Ms. Derryberry filed her Notice of Appeal on January 7, 1998.

Standard of Review

Our review of cases tried without a jury is de novo upon the record with a presumption if correctness as mandated by Rule 13(d) of the Tennessee Rules of Appellate Procedure.  This Rule requires us to uphold the factual findings of the trial court unless the evidence preponderates against them.  Campanali v. Campanali, 695 S.W.2d 193 (Tenn.Ct.App.1985).

We address first the issues pertaining to the Trial Court's division of property.  Ms. Derryberry alleged that the Trial Court failed to equitably divide the increase in value of the marital home and Mr. Derryberry's retirement funds.  Furthermore, Ms. Derryberry alleges that the Trial Court erred by considering the value of real property owned by Ms. Derryberry when there was no proof in the record regarding the property and Mr. Derryberry claimed no interest in the property.

Trial courts have wide discretion when determining how to divide a marital estate in an equitable manner.  Fisher v. Fisher, 648 S.W.2d 244, 246 (Tenn.1983); Brown v. Brown, 913 S.W.2d 163, 168 (Tenn.Ct.App.1994).  Their discretion is guided by the factors listed in T.C.A. § 36-4-121(c) and by other factors made relevant by the facts of the particular case.  Ellis

v. Ellis, 748 S.W.2d 424, 427 (Tenn.1988); Denton v. Denton, 902 S.W.2d 930, 932 (Tenn.Ct.App.1995). Reviewing courts give great weight to a trial court's distribution of marital property and will not disturb its decision unless it is contrary to the preponderance of the evidence. Wilson v. Moore, 929 S.W.2d 367, 372 (Tenn.Ct.App.1996); Wade v. Wade, 897 S.W.2d 702, 715 (Tenn.Ct.App.1994).

Marital property should be divided in a just and equitable manner. The division need not be mathematically equal to be equitable, Kendrick v. Kendrick, 902 S.W.2d 918, 929 (Tenn.Ct.App.1994), and each party need not receive a share of every item of marital property. Brown v. Brown, 913 S.W.2d 163, 168 (Tenn.Ct.App.1994). When a marriage has been short, the trial court may distribute the marital property in a way that, as nearly as possible, restores the parties to their pre-divorce economic circumstances. Batson v. Batson, 769 S.W.2d 849, 859 (Tenn.Ct.App.1988).

Ms. Derryberry avers that the Trial Court made no findings of fact upon which the presumption of correctness could attach. The Trial court clearly stated that Mr. Derryberry's proposed disposition of assets and liabilities was close to the equitable distribution. The Trial Court then moved forward with several changes to Mr. Derryberry's proposal. By adopting Mr. Derryberry's proposed disposition and then making its own adjustments, the Trial Court clearly adopted the values to the

8

assets and liabilities assigned by Mr. Derryberry; therefore, sufficient findings of fact were made by the Trial Court for the presumption of correctness to attach as set out in Rule 13(d) of the Tennessee Rules of Appellate Procedure.

In this case, Ms. Derryberry contends that the division of marital property was inequitable, specifically challenging the division of the appreciation in value of the marital home and of Mr. Derryberry's retirement funds.  We disagree.  On appeal, we must consider the fairness of the overall division of the marital estate in order to determine if the division of these two items was proper.  As previously stated, each party need not receive a share of every item of marital property in order for the division to be equitable.  <u>Brown v. Brown</u>, 913 S.W.2d 163, 168 (Tenn.Ct. App. 1994).  As already noted, the division also need not be mathematically equal in order to be equitable.  <u>Kendrick v. Kendrick</u>, 902 S.W.2d 918, 929 (Tenn.Ct.App.1994).  When all the relevant factors provided T.C.A. 36-4-121(c) are considered, we cannot find that the evidence preponderates against the Trial Court's determination that its division of marital property was equitable.  Both parties left the marriage with assets reasonably comparable to those with which they entered the union.  We find no abuse of discretion in the trial judge's division of marital property.

Ms. Derryberry alleges in her final issue that the Trial Court erred in considering the value of real property owned

9

by Ms. Derryberry when there was no proof in the record regarding the property and Mr. Derryberry claimed no interest in the property.

Ms. Derryberry testified that she owned a small piece of real property in Rutherford County. There was no testimony in the record by either party as to the value of the property on the date of the marriage or upon the divorce of the parties. Even though there was no evidence in the record regarding this piece of property, the Trial Judge considered its increase in value when dividing the marital assets. When the Trial Court announced how it planned to rule in the case, Ms. Derryberry argued that this would leave her with less than twenty percent of Mr. Derryberry's retirement accounts. The Trial Court responded "I agree with you, but what I'm offsetting is the increase in value of her property and her property over in Rutherford County increased also." The Trial Judge repeatedly suggested that Ms. Derryberry's property in Rutherford County had dramatically increased in value due to the growth of the area even though neither party submitted any such evidence.

There no dispute that it is improper for a judge to base a decision on evidence ascertained outside the judicial proceeding. As stated by Justice Drowota in <u>Vaughn v. Shelby Williams of Tenn., Inc.</u>:

> There is ample authority for the proposition that a judge is not to use from the bench, under the guise of judicial knowledge, that which he knows only as an individual observer outside of the judicial

proceedings. Judicial knowledge upon which a decision may be based is not the personal knowledge of the judge, but the cognizance of certain facts the judge becomes aware of by virtue of the legal procedures in which he plays a neutral role. No judge is at liberty to take into account personal knowledge which he possesses when deciding upon an issue submitted by the parties. In other words, "[i]t matters not what is known to the judge personally if it is not known to him in his official capacity."

Vaughn v. Shelby Williams of Tenn., Inc., 813 S.W.2d 132, 133 (Tenn. 1991)(citations omitted).

While we agree with Ms. Derryberry that the statements concerning the appreciation of the Rutherford County property constituted error, in order to insure a just outcome, we have decided to review the decision of the marital property de novo without any presumption of correctness. After doing so, we find that the division of marital property provided Ms. Derryberry with approximately sixty percent of the net marital estate. After considering the factors provided in T.C.A. 36-4-121(c), including the duration of the marriage and the relative ability of each party for future acquisitions of capital assets and income, we hold that the division of marital property was equitable thereby rendering the error harmless.

We now find it appropriate to address the first issue brought forth by Mr. Derryberry. Mr. Derryberry alleges that the Trial Court erred by granting Ms. Derryberry's Motion to Alter or Amend and by granting Ms. Derryberry additional interest in his retirement funds.

11

Motions to Alter or Amend, provided under Rule 59.04 of the Tennessee Rules of Civil Procedure, may be granted (1) when the controlling law changes before a judgment becomes final, (2) when previously unavailable evidence becomes available, or (3) when, for sui generis reasons, a judgment should be amended to correct a clear error of law or to prevent injustice. Helton v. ACS Group, 964 F.Supp. 1175, 1182 (E.D.Tenn.1997). In the case at hand, Ms. Derryberry's position at Healthsource had been eliminated leaving her without employment. Even though Ms. Derryberry suggested that the future of her position at Healthsource was uncertain, her loss of employment is sufficient new evidence for the Trial Court to entertain her Motion to Alter or Amend. Furthermore, this unfortunate circumstance would justify entertaining Ms. Derryberry's motion in order to prevent injustice.

Mr. Derryberry also alleges that the Trial Court erred in granting Ms. Derryberry additional interest in his retirement funds. As stated previously, after thorough review of the record, we find the division of the Trial Court to be equitable, and, therefore, find the first issue raised by Mr. Derryberry to be without merit.

Mr. Derryberry further alleges the Trial Court's award of alimony was excessive. The Trial court awarded Ms. Derryberry rehabilitative alimony in the amount $2,000 a month for three

years which would allow her to carry out her intent to enter law school.

T.C.A. § 36-5-101(d)1), Tennessee's spousal support statute, expresses a strong preference for rehabilitative spousal support. The purpose of this support is to enable the recipient spouse to acquire job skills, education, or training that will enable him or her to be more self-supporting. Smith v. Smith, 912 S.W.2d 155, 160 (Tenn.Ct.App.1995); Cranford v. Cranford, 772 S.W.2d 48, 51 (Tenn.Ct.App.1989). The needs of the recipient spouse and the obligor spouse's ability to pay are generally the most important considerations when setting spousal support, Crain v. Crain, 925 S.W.2d 232, 234 (Tenn.Ct.App.1996); Barnhill v. Barnhill, 826 S.W.2d 443, 455 (Tenn.Ct.App.1991); however, rehabilitative support issues focus more on the need of the recipient spouse. Wade v. Wade, 897 S.W.2d 702,719 (Tenn.Ct.App.1994).

Trial courts have wide discretion to fashion support awards, and thus appellate courts give great weight to their decisions. Wilson v. Moore, 929 S.W.2d 367, 375 (Tenn.Ct.App.1996). While the courts may consider fault in awarding alimony, such awards should not be punitive. Brown v. Brown, 913 S.W.2d 163, 169 (Tenn.Ct.App.1994).

In the case at hand, during the course of the marriage, Mr. Derryberry made between $155,000 and $273,000 a year from the

13

practice of law. Conversely, Ms. Derryberry made approximately $30,000 a year both during and prior to the marriage. Ms. Derryberry testified that she now seeks to further her education by enrolling in law school. The rehabilitative support awarded by the Trial Court was granted in order to provide Ms. Derryberry the opportunity to achieve this goal. Such an award falls squarely within the expressed purpose of rehabilitative support. As there is little question as to either Ms. Derryberry's need or Mr. Derryberry's ability to provide support, we find that the evidence does not preponderate against the Trial Court's award of rehabilitative support in the amount of $2,000 a month. We find no abuse of discretion in the Trial Court's alimony decree.

Mr. Derryberry also contests the Trial Court's award of $4,000 in attorney's fees to Ms. Derryberry. Mr. Derryberry contends that the trial court erred in granting fees considering the assets Ms. Derryberry received in the division of property and the lack of liquid assets on his part.

In divorce actions, awards of attorney's fees are treated as alimony. Gilliam v. Gilliam, 776 S.W.2d 81, 86 (Tenn.App.1988). In determining whether to award attorney's fees, the trial court should again consider the relevant factors in T.C.A. § 36-5-101(d)(1). Houghland v. Houghland, 844 S.W.2d 619, 623 (Tenn.Ct.App.1992). Where the wife demonstrates that she is financially unable to afford counsel, and where the husband has the ability to pay, the court may properly order the

14

husband to pay the wife's attorney's fees.  <u>Harwell v. Harwell</u>,
612 S.W.2d 182, 185 (Tenn.Ct.App.1980).  Furthermore, the award
of attorney's fees is within the sound discretion of the trial
court, and unless the evidence preponderates against the award,
it will not be disturbed on appeal.  <u>Lyon v. Lyon</u>, 765 S.W.2d
759, 762-63 (Tenn.App.1988).

Considering the relative earning capacities of the
parties, we hold that the evidence does not preponderate against
the Trial Court's finding.  For this reason, we find that the
Trial Court did not abuse its discretion in awarding attorney's
fees to Ms. Derryberry.

For the foregoing reasons, the judgment of the Trial
Court is affirmed and the cause remanded for such further
proceedings, if any, as may be necessary and collection of costs
below.  Costs of appeal are adjudged one-half against Ms.
Derryberry and her surety and one-half against Mr Derryberry.

_____
Houston M. Goddard, P.J.

CONCUR:


_____(Not Participating)_____
Don T. McMurray, J.



_____
Charles D. Susano, Jr., J.